**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| ETHAN MERBAUM, individually and on behalf of similarly situated persons, | ) ) ) | |
| | ) | Case No. _____ |
| Plaintiff, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| v. | ) | |
| | ) | |
| CADY STUDIOS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

Plaintiff Ethan Merbaum, individually and on behalf of all other similarly situated employees, for his Complaint against Defendant, alleges as follows:

1. Defendant Cady Studios, LLC ("Cady") operates approximately 6 photography studios in Georgia, Florida and Illinois. Cady employs photographers who use their own automobiles to drive to photo shoots and events for its customers, which primarily are schools. Instead of reimbursing its photographers for the reasonably approximate costs of the business use of their vehicles, Cady uses a flawed method to determine vehicle reimbursement rates that provides such an unreasonably low rate beneath any reasonable approximation of the expenses they incur that the photographers' unreimbursed expenses cause their net wages to fall

below the federal minimum wage during some or all workweeks (nominal wages –
unreimbursed vehicle costs = subminimum net wages).

2.  Plaintiff Ethan Merbaum brings this lawsuit as a collective action under
the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.,* to recover unpaid
minimum wages owed to himself and similarly situated photographers employed by
Cady.

## Jurisdiction and Venue

3.  The FLSA authorizes court actions by private parties to recover
damages for violation of its wage and hour provisions. Jurisdiction over Plaintiff's
FLSA claim is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question).

4.  Venue in this District is proper under 28 U.S.C. § 1391 because Cady
maintains its principal place of business in this District, Cady operates photography
studios in this district, Cady employed Plaintiff in this District, and a substantial part
of the events giving rise to the claim herein occurred in this District.

## Parties

5.  Defendant Cady Studios, LLC is a Georgia limited liability company
maintaining its principal place of business in Alpharetta, Georgia, which is located
within the Atlanta Division of the Northern District of Georgia.

6.  Plaintiff Ethan Merbaum was employed by Cady from approximately
August to September 2016 as a photographer based out of its studio in Alpharetta,

Georgia.   Plaintiff Merbaum's consent to pursue this claim under the FLSA is attached hereto as "Exhibit 1."

## General Allegations

### *Cady's Business*

7.  Cady owns and operates approximately 6 photography studios in Georgia, Florida and Illinois.

8.  Cady employs photographers who all have the same primary job duty: to photograph Cady's customers and their events, often at the customer's location.

### *Cady's Flawed Reimbursement Policy*

9.  Cady requires its photographers to maintain and pay for safe, legally-operable, and insured automobiles when performing their duties for Cady.

10. Cady's photographers incur costs for gasoline, vehicle parts and fluids, repair and maintenance services, insurance, depreciation, and other expenses ("automobile expenses") while driving to customer locations for the primary benefit of Cady.

11. Pursuant to its company-wide policy, Cady reimburses its photographers on a per-mile basis, but the per-mile reimbursement is far below the IRS business mileage reimbursement rate or any other reasonable approximation of the cost to own and operate a motor vehicle.  This policy applies to all of Cady's photographers.

12. According to that policy, Cady reimburses its photographers pursuant to a formula:

**miles driven on job / window-sticker mileage x cost of gallon of gasoline**

13. Thus, Cady only reimburses its photographers for the cost of the gasoline used to perform their jobs, and it fails to reimburse any of their other vehicle costs incurred on the job.

14. The result of Cady's reimbursement policy is a reimbursement of much less than a reasonable approximation of its photographers' automobile expenses.

15. Cady's systematic failure to adequately reimburse automobile expenses constitutes a "kickback" to Cady such that the hourly wages it pays to Plaintiff and Cady's other photographers are not paid free and clear of all outstanding obligations to Cady.

16. Cady fails to reasonably approximate the amount of its photographers' automobile expenses to such an extent that its photographers' net wages are diminished beneath the federal minimum wage requirements during some or all workweeks.

17. In sum, Cady's reimbursement policy and methodology fail to reflect the realities of photographers' automobile expenses.

*Cady's Failure to Reasonably Reimburse Automobile Expenses Causes
Minimum Wage Violations*

18. Regardless of the precise amount of the per-mile reimbursement at any
given point in time, Cady's reimbursement formula has resulted in an unreasonable
underestimation of photographers' automobile expenses throughout the recovery
period, causing systematic violations of the federal minimum wage.

19. Plaintiff was paid $9.25 per hour during his employment with Cady,
and he worked approximately 30 hours per week for Cady.

20. The federal minimum wage has been $7.25 per hour since July 24,
2009.  29 U.S.C. § 206(a); http://www.dol.gov/whd/minwage/chart.htm.

21. During the applicable FLSA limitations period, the IRS business
mileage reimbursement rate has ranged between $.54 and $.575 per mile. Likewise,
reputable companies that study the cost of owning and operating a motor vehicle
and/or reasonable reimbursement rates, including the AAA, have determined that
the average per-mile cost for the same period of time has ranged between $.574 and
$.608 per mile for drivers who drive a sedan approximately 15,000 miles per year.
These figures represent a reasonable approximation of the average cost of owning
and operating a vehicle for use in Cady's photography business.

22. Plaintiff Merbaum drove a 2013 Scion FR-S while serving as a
photographer for Cady.

23. That vehicle obtains an average of 25 miles per gallon according to its original window sticker.

24. Plaintiff drove approximately 336.5 miles for Cady during the week of August 29 through September 4, 2016

25. Applying Cady's reimbursement formula to Plaintiff's experience during that week, Cady reimbursed him $36.34 (336.5 miles driven to perform the job / 25 miles per gallon x $2.70 per gallon gas price) for the cost of driving to perform his job.

26. Thus, during this week, Cady's average effective reimbursement rate for Plaintiff was approximately $.11 per mile ($36.34 reimbursement / 336.5 miles driven to perform the job).

27. During this same time period, the IRS business mileage reimbursement rate was $.54 per mile, which reasonably approximated the automobile expenses incurred by Cady's photographers. http://www.irs.gov/Tax-Professionals/ Standard-Mileage-Rates.  Using the IRS rate as a reasonable approximation of Plaintiff's automobile expenses, every mile driven on the job decreased his net wages by approximately $.43 ($.54 - $.11) per mile. Considering that Plaintiff 's work mileage during the week beginning August 29, 2016 was approximately 336.5 miles, Cady under-reimbursed him about $144.70 (336.5 x $.43) that week, or about $4.82 per hour he worked ($144.70 / 30 hours).

28. Thus, during the week beginning August 29, 2016 Plaintiff "kicked back" to Cady approximately $144.70, for an effective sub-minimum hourly wage rate of about $4.43 ($9.25 per hour - $4.82 kickback).

29. All of Cady's photographers have had similar experiences to those of Plaintiff. They were subject to the same reimbursement policy; received similar reimbursements; incurred similar automobile expenses; completed jobs of similar distances and at similar frequencies; and were paid at or near the federal minimum wage before deducting unreimbursed business expenses.

30. Because Cady paid its photographers a gross hourly wage close to the federal minimum wage, and because the photographers incurred unreimbursed automobile expenses, the photographers "kicked back" to Cady an amount sufficient to cause minimum wage violations.

31. While the per-mile amount of Cady's actual reimbursements may vary based on vehicle driven and the cost of gasoline, Cady is relying on the same flawed policy and formula with respect to all its photographers.  Basically, Cady's formula only reimburses its photographers for the cost of gasoline used on the job, and fails to reimburse them for any other component of the overall cost of driving a vehicle to perform Cady's business. Thus, while reimbursement amounts may differ somewhat by vehicle or over time, the amounts of under-reimbursements relative to

vehicle costs incurred remain relatively consistent between all Cady's photographers.

32. Cady's low reimbursement rates were a frequent complaint of at least some of Cady's photographers, including Plaintiff, yet Cady continued to reimburse at a rate much less than any reasonable approximation of photographers' automobile expenses.

33. The net effect of Cady's flawed reimbursement policy is that it willfully fails to pay the federal minimum wage to its photographers. Cady thereby enjoys ill-gained profits at the expense of its employees.

## Collective Action Allegations

34. Plaintiff brings this FLSA claim as an "opt-in" collective action on behalf of similarly situated photographers pursuant to 29 U.S.C. § 216(b).

35. The FLSA claims may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b).

36. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging Cady's practice of failing to pay employees federal minimum wage. The number and identity of other plaintiffs yet to opt-in may be ascertained from Cady's records, and potential class members may be notified of the pendency of this action via mail.

37. Plaintiff and all of Cady's photographers are similarly situated in that:

a.      They have worked as photographers for Cady,

b.      They have driven to Cady's customers, and/or their events, to perform their jobs using automobiles not owned or maintained by Cady;

c.      Cady required them to maintain these automobiles in a safe, legally-operable, and insured condition;

d.      They incurred costs for automobile expenses while driving for the primary benefit of Cady;

e.      They were subject to similar driving conditions, automobile expenses, driving distances, and frequencies of driving on the job;

f.      They were compensated through substantial similar pay rates;

g.      They were subject to the same reimbursement policy and formula that under-estimates automobile expenses per mile, and thereby systematically deprives them of reasonably approximate reimbursements, resulting in net wages below the federal minimum wage in some or all workweeks;

h.      They were reimbursed according to the same formula, which only provides reimbursements for the costs of gasoline and fails to reimburse for any other component of the cost of driving to perform their jobs; and

i.      They were paid near the federal minimum wage before deducting unreimbursed business expenses.

### Count I:  Violation of the Fair Labor Standards Act of 1938

38. Plaintiff reasserts and re-alleges the allegations set forth above.

39. The FLSA regulates, among other things, the payment of minimum wage by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. §206(a).

40. Cady is subject to the FLSA's minimum wage requirements because it is an enterprise engaged in interstate commerce, and its employees are engaged in commerce.

41. At all relevant times herein, Plaintiff and all other similarly situated photographers have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

42. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from federal minimum wage obligations. None of the FLSA exemptions apply to Plaintiff or other similarly situated photographers.

43. Under Section 6 of the FLSA, codified at 29 U.S.C. § 206, employees have been entitled to be compensated at a rate of at least $7.25 per hour since July 24, 2009.

44. As alleged herein, Cady has reimbursed photographers less than the reasonably approximate amount of their automobile expenses to such an extent that it diminishes these employees' wages beneath the federal minimum wage.

45. Cady knew or should have known that its pay and reimbursement policy, practice and methodology result in failure to compensate photographers at the federal minimum wage.

46. Cady, pursuant to its policy and practice, violated the FLSA by refusing and failing to pay federal minimum wage to Plaintiff and other similarly situated employees.

47. Plaintiff and all similarly situated photographers are victims of a uniform and employer-based compensation and reimbursement policy. This uniform policy, in violation of the FLSA, has been applied, and continues to be applied, to all photographer employees in Cady's studios.

48. Plaintiff and all similarly situated employees are entitled to damages equal to the minimum wage minus actual wages received after deducting reasonably approximated automobile expenses within three years from the date each Plaintiff

joins this case, plus periods of equitable tolling, because Cady acted willfully and knew, or showed reckless disregard for, whether its conduct was unlawful.

49. Cady has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages under 29 U.S.C. § 216(b). Alternatively, should the Court find Cady is not liable for liquidated damages, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

50. As a result of the aforesaid willful violations of the FLSA's minimum wage provisions, minimum wage compensation has been unlawfully withheld by Cady from Plaintiff and all similarly situated employees. Accordingly, Cady is liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Plaintiff and all similarly situated photographers demand judgment against Cady and request: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

**Demand for Jury Trial**

Plaintiff hereby requests a trial by jury of all issues triable by jury.

Dated:     December 16, 2016                    Respectfully submitted,

**THE WEINER LAW FIRM LLC**          **WEINHAUS & POTASHNICK**
*/s Andrew Weiner*                              Mark A. Potashnick (MO Bar # 41315)
Andrew Weiner                                   (*pro hac vice* forthcoming)
Georgia Bar No. 808278                          11500 Olive Blvd., Suite 133
aw@atlantaemployeelawyer.com                    St. Louis, Missouri  63141
THE WEINER LAW FIRM LLC                          Telephone:  (314) 997-9150
3525 Piedmont Road                              Facsimile:   (314) 997-9170
7 Piedmont Center | 3rd Floor                   markp@wp-attorneys.com
Atlanta, Georgia 30305
(404) 254-0842 (Tel.)
(404) 205-5029 (Tel.)
(866) 800-1482 (Fax)

**LIBERMAN, GOLDSTEIN & KARSH**
Eli Karsh (MO Bar #43061)
(*pro hac vice* forthcoming)
230 S. Bemiston Ave., Suite 1200
St. Louis, Missouri  63105
Telephone:  (314) 862-3333, ext. 13
Facsimile:   (314) 862-0605
elikarsh@aol.com

**ATTORNEYS FOR PLAINTIFF**